IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITEDHEALTHCARE OF PENNSYLVANIA, INC. d/b/a UNTEDHEALTHCARE COMMUNITY PLAN,<br><br>*Plaintiff*,<br><br>vs.<br><br>NORTHSTAR ANESTHESIA OF PENNSYLVANIA, LLC,<br><br>*Defendant*. | Case No. 2:25-cv-07187-MAK |

**DEFENENDANT NORTHSTAR ANESTHESIA OF PENNSYLVANIA, LLC'S MOTION TO DISMISS PLAINTIFF UNITEDHEALTHCARE OF PENNSYLVANIA, INC. D/B/A <u>UNITEDHEALTHCARE COMMUNITY PLAN'S COMPLAINT</u>**

Pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6), Defendant NorthStar Anesthesia of Pennsylvania, LLC (NorthStar) respectfully moves to dismiss Plaintiff UnitedHealthcare of Pennsylvania, Inc. d/b/a UnitedHealthcare Community Plan's (United) Complaint, with prejudice. In the alternative, NorthStar moves to dismiss United's Complaint without prejudice under the primary jurisdiction doctrine. In support of this Motion, NorthStar relies upon the accompanying Memorandum in Support. Pursuant to Local Rule 7.1(f), NorthStar respectfully requests oral argument on this Motion.

United rushed to federal court to challenge the eligibility of a single $7,075 independent dispute resolution (IDR) award under the No Surprises Act (NSA), bypassing every available administrative remedy and before ever contacting NorthStar, who agrees the award was ineligible.

First, United's fraud claim must be dismissed under Rules 9(b) and 12(b)(6) because United admits it knew the dispute was ineligible and objected to the IDR Entity (IDRE), negating justifiable reliance, and because the IDRE's failure to properly evaluate eligibility—not NorthStar's conduct—was the proximate cause of any alleged injury.

Second, this Court lacks subject matter jurisdiction under Rule 12(b)(1) because the Declaratory Judgment Act provides no independent jurisdictional basis, and United's fraud claim fails the *Grable* test, meaning no federal question lies.

Third, NorthStar's prompt corrective actions—including requesting the IDRE reopen and correct the award—render United's claims moot and leave the Court with no effectual relief to grant.

Alternatively, this Court should defer to CMS under the primary jurisdiction doctrine, as IDR eligibility is a technical issue within CMS's expertise and CMS is already positioned to resolve both parties' pending administrative matters.

As the Court is aware, the Parties have exchanged Rule 408 communications and have participated in mediation with Hon. Joseph P. Walsh (Ret.), with another mediation session scheduled for March 10, 2026. In NorthStar's Rule 408 letters, NorthStar outlined the bases for the instant Motion to Dismiss. Counsel for United has stated that United opposes the relief requested in NorthStar's Motion.

WHEREFORE, NorthStar respectfully requests that this Court enter the attached proposed Order granting its Motion and dismissing United's Complaint with prejudice, or in the alternative, without prejudice under the primary jurisdiction doctrine.

-3-

Dated:  March 6, 2026

*/s/ Julie A. Busta*
Jeffery A. Dailey, Esquire
Julie A. Busta, Esquire
Dailey LLP
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 367-1645
jbusta@daileyllp.com
jdailey@daileyllp.com

Brian Stimson (admitted *pro hac vice*)
Kevin Lake (admitted *pro hac vice*)
Jeremy Ritter-Wiseman (admitted *pro hac vice*)
Arnall Golden Gregory LLP
2100 Pennsylvania Ave NW, Suite 350S
Washington, DC 20037
202.677.4948 (Telephone)
brian.stimson@agg.com
kevin.lake@agg.com
jeremy.ritter-wiseman@agg.com

*Counsel for Defendant NorthStar Anesthesia of Pennsylvania LLC*

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, I electronically filed the foregoing Defendant NorthStar Anesthesia of Pennsylvania LLC's Motion to Dismiss Plaintiff UnitedHealthcare of Pennsylvania, Inc. d/b/a UnitedHealthcare Community Plan's Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all Counsel of Record.

                              */s/ Julie A. Busta*
                              Julie A. Busta, Esquire
                              Dailey LLP
                              1650 Market Street, Suite 3600
                              Philadelphia, PA 19103
                              (215) 367-1645
                              jbusta@daileyllp.com